UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
PHILLIP MARTINEZ,

                       Plaintiff,                  1:07-cv-06453 (LTS) (RLE)

- against -

                                                        **Answer**

THE CITY UNIVERSITY OF NEW YORK          **Filed by ECF**
AND SEBASTIAN PERSICO,
both in his official and personal capacity,

                       Defendants.
———————————————————————X

      Defendants the City University of New York ("CUNY") and Sebatian Persico, by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, answer the Complaint as follows:

**Statement of Jurisdiction**

      Deny the averments contained in the "Statement of Jurisdiction" in the Complaint, except admit that the United States District Court for the Southern District of New York has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

**General Allegations**

      1.      Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "1" of the Complaint.

      2.      Deny the averments contained in paragraph "2" of the Complaint, except admit that plaintiff was employed by CUNY with the functional title of Director of the Graphic Arts Production department at the CUNY Graduate School and University Center ("CUNY Graduate Center") located at 365 Fifth Avenue, New York, NY, 10016, from May 11, 1998 to June 30,

2006, and respectfully refer the Court to N.Y. Educ. Law §§ 6201 *et seq.* for a complete and accurate description of the legal status, organization, and responsibilities of CUNY.

3. Deny the averments contained in paragraph "3" of the Complaint, except admit that plaintiff received performance evaluations during his employment and that plaintiff was reappointed to his position from 1998 until 2006.

4. Deny the averments contained in paragraph "4" of the Complaint.

5. Deny the averments contained in paragraph "5" of the Complaint, except admit that defendant CUNY issued plaintiff a Notice of Intent to Prefer Charges (the "NIPC"), dated April 18, 2005, notifiying plaintiff that CUNY would seek disciplinary charges against him, and that the NIPC contained specifications of the charges CUNY would seek against plaintiff.

6. Deny the averments contained in paragraph "6" of the Complaint, except admit that plaintiff was represented by the Professional Staff Congress/CUNY and that the disciplinary charges initiated by the NIPC were resolved in a Settlement Agreement (the "Agreement") finally executed on August 2, 2005, and respectfully refer the Court to the text of the Agreement for the contents therein.

7. Deny the averments contained in paragraph "7" of the Complaint, except admit that the letter of reprimand referred to in the Agreement was attached to the Agreement and was dated June 28, 2005; that the disciplinary penalties referred to in the Agreement were imposed upon plaintiff; and that the Agreement settled the disciplinary action initiated in the NIPC.

8. Deny the averments contained in paragraph "8" of the Complaint.

9. Deny the averments contained in paragraph "9" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the second sentence

therein.

10. Deny the averments contained in paragraph "10" of the Complaint.

11. Deny the averments contained in paragraph "11" of the Complaint, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the February 26, 2006 edition of the student newspaper entitled "The Advocate."

**Count I**

12. In response to the averments contained in paragraph "12" of the Complaint, defendants repeat and reassert the averments contained in paragraphs 1 through 11 of this Answer with the same force and effect as if fully set forth herein.

13. Deny the averments contained in paragraph "13" of the Complaint.

14. Admit the averments contained in paragraph "14" of the Complaint.

15. Deny the averments contained in paragraph "15" of the Complaint.

"Wherefore" Clause: Admit that plaintiff purports to proceed as set forth in the unnumbered "Wherefore" Clause in "Count I" of the Complaint, except deny that plaintiff is entitled to any relief.

**Count II**

16. In response to the averments contained in paragraph "16" of the Complaint, defendants repeat and reassert the averments contained in paragraphs 1 through 15 of this Answer with the same force and effect as if fully set forth herein.

17. Deny the averments contained in paragraph "17" of the Complaint.

18. Deny the averments contained in paragraph "18" of the Complaint.

"Wherefore" Clause: Admit that plaintiff purports to proceed as set forth in the

unnumbered "Wherefore" Clause in "Count II" of the Complaint, except deny that plaintiff is entitled to any relief.

**Count III**

19. In response to the averments contained in paragraph "19" of the Complaint, defendants repeat and reassert the averments contained in paragraphs 1 through 18 of this Answer with the same force and effect as if fully set forth herein.

20. Deny the averments contained in paragraph "20" of the Complaint, except respectfully refer the Court to N.Y. Educ. Law §§ 6201 *et seq.* for a complete and accurate description of the legal status, organization, and responsibilities of CUNY.

21. Deny the averments contained in paragraph "21" of the Complaint.

22. Deny the averments contained in paragraph "22" of the Complaint.

"Wherefore" Clause: Admit that plaintiff purports to proceed as set forth in the unnumbered "Wherefore" Clause in "Count III" of the Complaint, except deny that plaintiff is entitled to any relief.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. Any averments not specifically addressed herein are hereby denied.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. Some or all of the Counts asserted in the Complaint fail to state claims upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Plaintiff's Title VII claim may be barred by the applicable statutes of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.     Defendant Sebastian Persico in his individual capacity is not subject to suit under Title VII.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claim against CUNY under Title VII of the Civil Rights Act of 1964 may be barred because plaintiff failed to exhaust available administrative remedies.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.     Defendants CUNY and Sebastian Persico in his official capacity are not subject to suit under 42 U.S.C. § 1983.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims under 42 U.S.C. § 1983 against CUNY and against defendant Sebastian Persico in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30.     This Court lacks jurisdiction over plaintiff's claim 42 U.S.C. § 1981 claim against CUNY.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31.     Any and all decisions made or actions taken regarding plaintiff's employment with CUNY were made or taken for legitimate, non-discriminatory reasons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32.     Any injuries or damages alleged in the Complaint were caused, in whole or in part, by plaintiff's own culpable or negligent conduct.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims for damages are barred to the extent that he has failed to mitigate.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34. Some or all of the relief requested by plaintiff is not available under the applicable statutes and causes of action.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35. Insofar as plaintiff seeks punitive damages against CUNY, or defendant Sebastian Persico in his official capacity, with respect to his Title VII, § 1981 and § 1983 claims, such damages are not available against governmental entities or officials under those statutes.

WHEREFORE, defendants City University of New York and Sebastian Persico demand judgment dismissing the Complaint, together with costs and disbursements and reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated:   August 24, 2007
        New York, New York

                                      ANDREW M. CUOMO
                                      Attorney General of the State of New York
                                      Attorney for Defendants
                                      By:

                                          /s Aron Fischer
                                      Aron Fischer (AF 6719)
                                      Assistant Attorney General
                                      120 Broadway, 24th Floor
                                      New York, New York 10271
                                      Aron.Fischer@oag.state.ny.us
                                      (212) 416-8655

TO:   TOMAS ESPINOSA, ESQ.
        Attorney for Plaintiff
        4005 Bergenline Ave. Apt. #1
        Union City, New Jersey 07087